**United States District Court**
For the Northern District of California

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**MONSTER CABLE PRODUCTS, INC, a California Corporation,**

        **Plaintiff,**

    **v**

**MIZCO INTERNATIONAL INC, a New York Corporation; MIZCO, LLC, a New Jersey limited liability company,**

        **Defendants.**
_____/

No C 10-5902 EMC

**ORDER TO SHOW CAUSE**

    On December 27, 2010, plaintiff Monster Cable Products, Inc filed a complaint against defendants Mizco International Inc and Mizco, LLC alleging trademark infringement under 15 USC § 1114, false designation of origin under 15 USC § 125(a) and unfair competition under California Business and Professions Code § 17200, et seq. Complaint at 4-6. Plaintiff alleges that it is the exclusive owner of several common law and registered trademarks, including the registered trademark "Monster" for headphone products. Complaint at 3. Plaintiff alleges that defendants infringed plaintiff's trademarks by advertising and offering to sell to the public a headphone product bearing the mark "Monster

Buds."  Id.  Attached to the complaint is an advertisement that plaintiff alleges was published by defendants and shows that defendants intend to display their Monster Buds product at the Consumer Electronics Show ("CES") in Las Vegas, Nevada in early January 2011.  Id.

On December 28, 2010, plaintiff filed an ex parte application for a temporary restraining order.  Plaintiff requests an order preventing defendants from using, shipping, selling, offering for sale, holding for sale, advertising or promoting its Monster or Monster Buds headphone products.  Proposed Order Granting Plaintiff's Application For Temporary Restraining Order at 1.  Plaintiff specifically requests that defendants be prevented from selling or advertising their Monster Buds product at CES, which begins on January 6, 2011.  Id at 1-2.  Plaintiff's application was transferred to the undersigned in the absence of the magistrate judge presiding over this case.  A certificate of service appears to satisfy Civil LR 65-1(b).

The showing required for a temporary restraining order mirrors that required for a preliminary injunction. Stuhlbarg Int'l Sales Co, Inc v John D Brush & Co, Inc, 240 F3d 832, 839 n7 (9th Cir 2001); Lockheed Missile & Space Co, Inc v Hughes Aircraft Co, 887 F Supp 1320, 1323 (ND Cal 1995).  Plaintiff "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." Winter v National Resources Defense Council, Inc, 555 US 7, 24-25 (2008).  In lieu of establishing that it is likely to succeed on the merits, plaintiff

2

may secure a temporary restraining order by raising "serious questions going to the merits" and showing "the balance of hardships tips sharply in their favor."  <u>Alliance for Wild Rockies v Cottrell</u>, 622 F3d 1045, 1049-1050 (9th Cir 2010).

   This action was initially assigned to Magistrate Judge Chen.  The parties must consent to proceed before a magistrate judge.  28 USC § 636; Civil Local Rule 73-1.  It does not appear that the parties have consented to have the instant application heard by a magistrate judge.  Therefore, on or before January 3, 2011 the parties shall advise the court whether they consent to have plaintiff's application for a temporary restraining order decided by Magistrate Judge Chen.  If the parties so consent, this order shall be returnable to Magistrate Judge Chen; if the parties do not consent, this order shall be returnable to the undersigned.

   Now, therefore, defendants are ORDERED to SHOW CAUSE why a temporary restraining order should not issue enjoining them from using, shipping, selling, offering for sale, holding for sale, advertising or promoting the Monster or Monster Buds headphone products.  Defendants shall file a written response to this order to show cause and plaintiff's application for a temporary restraining order on or before January 3, 2011.

IT IS SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge